PEOPLE *v.* TAYLOR

1. CRIMINAL LAW—CONSTITUTIONAL LAW—DUE PROCESS—LINEUP—
   IDENTIFICATION—SIMILARITY IN APPEARANCE.

   Due process of law does not require that every member, or
   nearly all of the members, of a lineup resemble the accused
   because lineup participants are taken from those held in police
   custody and it would be unusual if all lineup participants,
   having similar physical characteristics, were in custody at
   the same time; consequently, defendant, a dark-complexioned
   Negro, was not prejudiced by the inclusion of some light-
   complexioned Negroes in the same lineup where at least two
   of the other lineup participants roughly resembled defendant's
   physical characteristics.

2. CRIMINAL LAW—LINEUP—IDENTIFICATION.

   Misidentification by complaining witnesses of a defendant
   charged with armed robbery, was unlikely where the record
   showed that the gunmen, who were not masked, were in the
   complainants' full view throughout most of the robbery, which
   lasted nearly 30 minutes, that complainants' opportunity to
   observe and to study defendant's features was optimum, that
   at one time defendant said to complainants, "Don't look at
   me so hard," and that both complainants, independently of
   each other, positively identified defendant in two separate
   lineups.

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted Division 1 May 5,
1970, at Detroit. (Docket No. 7,695.) Decided June
2, 1970.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence § 367 *et seq.*

Romain Andre'a Taylor was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief Appellate Lawyer, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Monaghan, McCrone, Campbell & Crawmer,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and McGREGOR and AGER,* JJ.

PER CURIAM. On September 16, 1966, Mr. and Mrs. Roy Porter were held captive in their home in Detroit while two gunmen systematically searched the house and took various articles and approximately $70 in cash. Defendant Romain Taylor was arrested on October 13, 1966, and charged as one of the participants in the armed robbery.** A trial by jury in the Recorder's Court of the City of Detroit resulted in a verdict of guilty as charged. The defendant appeals as of right.

The defendant's principal contention on appeal is that the two lineups at which the Porters identified him as one of the gunmen was "so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law." *Stovall v. Denno* (1967), 388 US 293, 302 (87 S Ct 1967, 1972; 18 L Ed 2d 1199, 1206). He enlists essentially two arguments in support of this conclusion:

---

* Circuit judge, sitting on the Court of Appeals by assignment.
** MCLA § 750.529 (Stat Ann 1970 Cum Supp, § 28.797).

1.) Although all of the members of the lineups were Negroes and two roughly matched the defendant's physical characteristics, some of the members were unlike the defendant in appearance.

2.) The defendant is a "darkly-complected Negro who could be prejudiced by the use of lighter-complected persons in the lineup, yet no notes on skin color were taken by either of the two officers in charge".

We find defendant's contention to be without merit. In the first place, there is no requirement that every member of a lineup, or nearly all of the members, resemble the accused. As this Court said in *People* v. *Lloyd* (1967), 5 Mich App 717, 724:

"Lineups are conducted in police stations, and the persons who participate in the lineup are taken from those who are being held in custody. It would be unusual indeed if the police had five persons with similar physical characteristics locked up in the same jail. Moreover, the purpose of a lineup is identification. If the defendant is the tallest man in the lineup, and if he believes that this impairs the validity of the identification, he should see that the jury is apprised of that fact. This is a question of the weight to be given the lineup identification, not its admissibility. It presents no basis for a new trial."

Moreover, it affirmatively appears from the record that misidentification was unlikely. The gunmen, who were not masked, were in the Porters' full view throughout most of the robbery, that is, for nearly 30 minutes. The opportunity to observe and study the defendant's features was optimum. Indeed, according to Mr. Porter, the defendant said, "don't look at me so hard". On the day following defendant's arrest, two lineups were conducted, one for Mr. Porter, the other for Mrs. Porter. Both of the

Porters positively identified the defendant independently of one another.

The defendant's second contention—that he was not proven guilty beyond a reasonable doubt—is wholly lacking in merit and requires no formal discussion.

Affirmed.