PEOPLE *v.* AYERS

1. CRIMINAL LAW—LINEUP—IMPROPER LINEUP—TAINTED IDENTIFI-
CATION.

Contention that lineup identification and the subsequent in-court
identification were tainted because the lineup was so consti-
tuted that only the defendant could have been identified is
without merit, because there is no requirement that all or
nearly all of the persons in a lineup resemble the accused.

2. CRIMINAL LAW—LINEUP—IN-COURT IDENTIFICATION—INDEPENDENT
BASIS.

Specific finding of an independent basis for an in-court identi-
fication eliminates any prejudice which might have resulted
from a lineup which defendant claimed was prejudicial be-
cause he was the only person in it who bore a resemblance
to the accused.

3. CRIMINAL LAW—CONFESSION—NOTICE—COURT RULE.

Contention that court rule required notice by the prosecutor
of his intention to use the confession or an admission of the
defendant at trial is without merit where the court rule is no
longer operative and was not operative at the time of trial
(GCR 1963, 785.5).

4. CRIMINAL LAW — SENTENCE — MISSTATEMENT BY THE COURT —
PREJUDICE.

Contention that defendant is entitled to reconsideration of his
sentence because of a statement made by the court at the
time of sentencing that "this robbery was especially vicious
because it was accompanied by a rape", and the proofs at

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 368.
[3] 21 Am Jur 2d, Criminal Law § 523 *et seq.*
[4] 21 Am Jur 2d, Criminal Law § 574.
Power to amend record in criminal case after term on evidence
dehors record. 5 ALR 1127.

trial showed no rape, is without merit where an examination of the record shows that the judge simply misspoke and no prejudice resulted to the defendant.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J.  Submitted Division 1 October 6, 1970, at Detroit.  (Docket No. 5920.)  Decided December 9, 1970.  Leave to appeal denied March 16, 1971.  384 Mich 817.

Leon Ayers was convicted of armed robbery. Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia Pernick Boyle,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant on appeal.

Before: Lesinski, C. J., and Bronson and Engel,* JJ.

Per Curiam.  Defendant waived trial by jury and was found guilty by the trial judge of armed robbery.  MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).  He raises several questions on appeal.

First, it is alleged that the identification of defendant was accomplished by means of an improperly constituted lineup, which also tainted the in-court identification by the witnesses.  Secondly, it is contended on appeal that two letters introduced by the prosecutor were treated as confessions and thus required the giving of notice before they could

---

* Circuit judge, sitting on the Court of Appeals by assignment.

be introduced at the trial. Finally, it is alleged that a statement made by the court during sentencing requires a reconsideration of the sentence which was imposed.

The defendant was twice identified by the two robbery victims, first at a lineup held in the police station subsequent to defendant's arrest and again at the trial. Defendant contends that the lineup was constituted in such a manner that only he could have been identified, as he was the only person who fit the description of the perpetrator of the crime. This, claims defendant, amounted to a denial of due process of law, *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199). There is no requirement, however, that every member of a lineup, or even nearly all the members resemble the accused. *People* v. *Taylor* (1970), 24 Mich App 321. The record discloses that an attorney was present at the lineup. In addition, the trial court specifically found that the in-court identification could be upheld independent of the viewing at the lineup in any event. Thus, the finding of an independent source of identification eliminates any prejudice which might have resulted from any claimed irregularities in the lineup procedures.

We likewise find no merit in the contention that notice would be necessary before the prosecution could introduce in evidence certain letters defendant wrote to the complaining witness. There is no requirement that notice be given when a confession or admission is to be used at trial. Defendant's argument is based on GCR 1963, 785.5 which is no longer operative, nor was it at the time of trial. Further, even if the rule had been operative, it would not have applied to the letters in question, as the rule applied only to confessions or admissions obtained by law enforcement officers or some-

one acting in concert with an officer. The record shows that the letter was properly treated by the court as merely evidence. The defendant admitted writing the letters and their use was entirely proper.

Finally, defendant claims he is entitled to a reconsideration of his sentence because of a statement by the trial judge at the time of sentencing that "this robbery was especially vicious because it was accompanied by a rape". At the trial the proofs showed no rape, but they did disclose an abortive attempt to rape. We conclude from an examination of the record that the judge simply misspoke. Having heard the proofs himself, the trial judge was well aware of the true facts. We are fully satisfied from the record that there was neither a misconception of facts on the part of the judge nor a corresponding prejudice to the defendant.

Other assignments of error are without merit.

Affirmed.